**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
SOUTHERN DIVISION
6411 IVY LANE, SUITE 710
GREENBELT, MARYLAND 20770
TEL: (301) 344-0600
FAX: (301) 344-0019

RECEIVED IN THE CHAMBERS OF
BENSON EVERETT LEGG

APR 2 9 2008

UNITED STATES DISTRICT JUDGE

JAMES WYDA
FEDERAL PUBLIC DEFENDER

PARESH PATEL
STAFF ATTORNEY

April 28, 2008

**Via Hand Delivery**

**Crack Reduction -   Status Report**
                     **Motion for Appointment of CJA Counsel**

The Honorable Alexander Benson E. Legg
United States District Court
 for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

Re:   <u>United States v. Rachelle Anderson</u>, Case No. L-00-033

Dear Judge Legg:

Please accept and docket this letter as 1) a status report regarding Ms. Anderson's eligibility for a reduced sentence under Amendment 706 to the U.S. Sentencing Guidelines, and 2) a motion for appointment of CJA counsel. The United States Probation Office has reviewed Ms. Anderson's presentence report and determined that she is not eligible for a reduction because "although the defendant was held responsible for a quantity of crack cocaine, she was also held responsible for another drug (heroin) in sufficient quantity to negate any affect a reduction for crack cocaine would have." However, the record needs to be further examined to determine if Ms. Anderson was actually held responsible for the amount of heroin suggested in the presentence report. Ms. Anderson's sentence was 120 months, far below the presentence report's suggested guideline range of 324-405 months imprisonment. Therefore, it is unclear whether Ms. Anderson was ultimately sentenced based on the amount of heroin alleged in the pre-sentence report.

Moreover, even though Ms. Anderson was sentenced to a mandatory minimum of 120 months pursuant to 21 U.S.C. § 841(b)(1), she may still be eligible for relief under 18 U.S.C. § 3582 (c)(2). A defendant subject to a mandatory minimum in excess of the applicable range is not automatically precluded from § 3582(c)(2) relief. To be eligible to seek a reduced sentence under section 3582, a defendant need only have been "sentenced to a term of imprisonment **based on a sentencing range that has subsequently been lowered**" by the Sentencing Commission." 18 U.S.C.

§ 3582(c). It **does not require** that the original sentence be **based solely** on a guideline that the Commission has subsequently lowered.

Consistent with the plain language of § 3582(c)(2), a defendant who was originally sentenced to a mandatory minimum may still be "sentenced to a term of imprisonment *based on* a sentencing range that has been subsequently lowered" 18 U.S.C. § 3582(c)(2). This is because, under U.S.S.G. § 1B1.1, each Chapter of the Guidelines is applied in order. The guideline range under U.S.S.G. § 2D1.1 is determined in steps (a)-(g) before it is enhanced to reflect the statutory mandatory minimum in step (h) under U.S.S.G. § 5G1.1. or 5G1.2. See U.S.S.G. § 1B1.1.

The Sentencing Commission's policy statement, which directs that those subject to a mandatory minimum are *per se* ineligible for a new sentence under § 3582(c)(2), does not trump the statute (§ 3582). *Stinson v. United States*, 508 U.S. 36, 38 (1993). Any policy statements regarding § 3582(c) must be "consistent with all pertinent provisions of any Federal statute," which certainly includes the statute it is implementing. 28 U.S.C. § 994(a)(2)(C).

If Ms. Anderson's sentence was "*based* on a guideline that has been subsequently lowered," then this Court may consider Ms. Anderson's eligibility for the safety valve (18 U.S.C. § 3553(f)) or substantial assistance (18 U.S.C. § 3553(e)) to reduce her sentence below the mandatory minimum. The Court may consider these provisions in determining her new sentence under § 3582(c)(2), whether or not they were invoked at the original sentencing. See *United States v. Williams*, 103 F.3d 57, 58-59 (8th Cir. 1996) (in a § 3582(c)(2) resentencing, court can consider government's motion under § 3553(e) even though no such motion was made at the original sentencing); *United States v. Mihm*, 134 F.3d 1353, 1355 (8th Cir. 1998 )("[w]hen a defendant is eligible for a § 3582(c)(2) reduction, the district court must consider all relevant statutory sentencing factors," including safety valve relief under § 3553(f) even in a case where original sentence preceded effective date of safety valve statute, because, "[l]ike § 3553(e), the §3553(f) safety valve is a general sentencing consideration that the district court must take into account in exercising its present discretion to resentence under § 3582(c)(2)").

If Ms. Anderson is eligible for substantial assistance or safety valve relief under §§ 3553(e) and 3553(f), this Court has discretion to sentence her below the applicable guideline range because the court is not bound by the applicable guideline range in light of *Booker*. Sections 3553(e) and 3553(f) direct the Court to impose a sentence in accordance with the Guidelines. Notwithstanding this direction, the Fourth Circuit as well as other Circuits, post-*Booker*, have recognized that a court under § 3553(e) may give full consideration to the § 3553(a) factors and is not bound by the guidelines in imposing a sentence below the mandatory minimum. See *United States v. Allen*, 450 F.3d 565, 570 n.5 (4th Cir. 2006); *United States v. Cardenas-Juarez*, 469 F.3d 1331 (9th Cir. 2006) (although defendant may not rely on *Booker* to avoid the statutory requirements for safety valve relief, once a defendant has been found statutorily eligible, the resulting guideline range is advisory only); see also *United States v. Mankins*, 2007 WL 2319817 (D. Md. 2007) (J. Bennett) (reference in § 3553(e) to imposition of sentence "in accordance with the sentencing guidelines necessarily addresses the advisory nature of those guidelines" after *Booker*).

This letter simply highlights some of the thorny legal issues arising in this case and is not intended as an exhaustive discussion of those issues. Given the complexity of the legal issues, the

Court may wish to consider appointing counsel to represent Ms. Anderson. My Office has a conflict because we represented a co-defendant, Aaron Anderson. In light of this, I would ask the Court to appoint a CJA lawyer to represent Ms. Anderson Ms. Anderson has sent me several documents that I am happy to forward to the CJA lawyer. Enclosed is a proposed Order.

    Thank you for your attention to this matter. If I can be of additional assistance, please let me know.

Sincerely,

Paresh S. Patel
Staff Attorney

cc:    Barbara Sale, Assistant United States Attorney
       Estelle Santana, United States Probation Officer
       Rachelle Anderson, #33994-037